1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                        NORTHERN DISTRICT OF CALIFORNIA

9

10   MICHELLE MORAN,                              Case No. 21-cv-07669-RS

                 Plaintiff,
11

12          v.                                    **ORDER GRANTING IN PART AND
                                                  DENYING IN PART MOTION TO
13   EDGEWELL PERSONAL CARE, LLC, et              DISMISS**
     al.,
14               Defendants.

15

16                                     **I. Introduction**

17          Plaintiff Michelle Moran brings this putative class action on behalf of consumers

18   nationwide who purchased Defendant Edgewell Personal Care's ("EPC") Banana Boat branded

19   sunscreen products. Moran avers that statements on Banana Boat products indicating that the

20   sunscreen is "Reef Friendly" are false as the products contain ingredients harmful to coral reefs,

21   and that she would not have purchased a Banana Boat sunscreen with that claim had she known

22   the statement was false. She asserts various common law claims on behalf of a proposed

23   nationwide class, and various violations of California law on behalf of a proposed California

24   subclass. EPC brings this motion to dismiss pursuant to Federal Rules of Civil Procedure 8, 9(b),

25   12(b)(1), 12(b)(2), 12(b)(6), and 12(f). The motion to dismiss is granted as to advertisements other

26   than the "Reef Friendly – No Oxybenzone or Octinoxate" claim on the sunscreen labels, and as to

27   the claim for breach of implied warranty. The motion to dismiss is denied in all other respects.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II. Factual Background

EPC sells sunscreen products under the brand Banana Boat. These products, of which over ten are at issue in this lawsuit, contain a claim on the label stating "Reef Friendly – No Oxybenzone or Octinoxate." On behalf of a proposed nationwide class and a subclass of California consumers, Moran brings breach of warranty and unjust enrichment/restitution claims. Moran also brings three additional claims on behalf of the proposed California subclass: violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; and the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*

## III. Failure to State a Claim Under Rule 12(b)(6)

Defendant raises multiple arguments under Federal Rule of Civil Procedure 12(b)(6): (1) Plaintiff's CLRA, UCL, and FAL claims should be dismissed because Plaintiff fails to meet the reasonable consumer standard, and (2) the breach of warranty claim should also be dismissed because Defendant did not make an express or implied warranty and because the implied warranty claim fails for lack of privity.[1] For the reasons explained below, these arguments are granted in part and denied in part.

### A.  Legal Standard

Rule 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A Rule 12(b)(6) motion tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When evaluating such a motion,

---

[1] Defendant also contends that Plaintiff fails to allege facts sufficient to establish she is entitled to restitution. This argument, while a Rule 12(b)(6) argument, is addressed in the discussion of Plaintiff's equitable claims.

1      courts generally "accept all factual allegations in the complaint as true and construe the pleadings

2      in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th

3      Cir. 2005).

4      **B. Discussion**

5      *1. Reasonable Consumer Standard*

6      The UCL, FAL, and CLRA all utilize the reasonable consumer standard, *Shaeffer v.*

7      *Califia Farms, LLC*, 44 Cal. App. 5th 1125, 1136 (2020), "which requires a plaintiff to show

8      potential deception of consumers acting reasonably in the circumstances-not just any consumers."

9      *Hill v. Roll Internat. Corp.*, 195 Cal. App. 4th 1295, 1304 (2011). "[W]hether a business practice

10     is deceptive will usually be a question of fact not appropriate for decision" on a motion to dismiss.

11     *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Defendant argues that the

12     inclusion of "No Oxybenzone or Octinoxate" below the statement "Reef Friendly" on the label

13     means that no reasonable consumer would be misled, because a reasonable consumer would only

14     interpret the label to mean that there was no oxybenzone or octinoxate in the product. This inquiry

15     is "fact-intensive and not well-suited for resolution at the pleading stage." *White v. Kroger Co.*,

16     No. 21-CV-08004-RS, 2022 WL 888657, at *2 (N.D. Cal. Mar. 25, 2022). Plaintiffs aver—with

17     support from some scientific studies and regulators—that some of the chemicals in the challenged

18     products damage coral reefs. It is inappropriate to conclude at the pleadings stage that a reasonable

19     consumer would have interpreted the label to mean that the product was only free from

20     oxybenzone or octinoxate, regardless of possible harms from other chemicals. The questions of

21     whether the other chemicals in the products are harmful to reefs, and how a reasonable consumer

22     would have interpreted the claim on the label, can only be resolved after the development of

23     evidence in this case. The motion to dismiss is therefore denied as to Defendant's theory that the

24     reasonable consumer standard cannot be met as a matter of law.

25     *2. Breach of Warranty Claim*

26     Defendant argues that Plaintiff has failed to state a claim for breach of an express or

27     implied warranty. "To prevail on a breach of express warranty claim, Plaintiffs must prove: (1)

United States District Court
Northern District of California

28     ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
       CASE NO. 21-cv-07669-RS

3

1   'the seller's statements constitute an affirmation of fact or promise or a description of the goods;

2   (2) the statement was part of the basis of the bargain; and (3) the warranty was breached.'" *Brown*

3   *v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 899-900 (N.D. Cal. 2012) (quoting *Weinstat v.*

4   *Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227 (2010)). Defendant's arguments concerning the

5   breach of express warranty claim are repetitive of the arguments discussed above; courts have held

6   that when a plaintiff adequately pleads falsity of an advertising claim under California consumer

7   protection statutes, the plaintiff also has adequately pled a breach of express warranty based on

8   those claims. *See, e.g., In re S.C. Johnson & Son, Inc. Windex Non-Toxic Litigation*, Case No. 20-

9   cv-03184-HSG, 2021 WL 3191733, at *9 (N.D. Cal. July 28, 2021). Here, Plaintiffs have

10   adequately pled that the "Reef Friendly" label indicated more than just the absence of oxybenzone

11   and octinoxate, and thus Plaintiff has pled a claim for breach of express warranty. The motion is

12   therefore denied as to the breach of express warranty claim.

13   Defendant next argues that the breach of implied warranty claim fails because plaintiff

14   cannot show privity. The privity requirement has an exception for "when the plaintiff relies on

15   written labels or advertisements of a manufacturer[,]" *Clemens v. DaimlerChrysler Corp.*, 534

16   F.3d 1017, 1023 (9th Cir. 2008), but Defendant argues this exception "is applicable only to

17   express warranties." *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 696 (1954). Plaintiff argues

18   that courts have "relaxed" this requirement "when the plaintiff relies on written labels or

19   advertisements of a manufacturer[.]" *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903,

20   924 (E.D. Cal. 2020) (quoting *Van Mourik v. Big Heart Pet Brands, Inc.*, No. 3:17-CV-03889-JD,

21   2018 WL 1116715, at *5 (N.D. Cal. Mar. 1, 2018)). As this Court has previously noted, however,

22   the holding from the California Supreme Court in *Burr v. Sherwin Williams* that the privity

23   exception only applies to express warranties has never been overruled. *See In re Sony PS3 Other*

24   *OS Litig.*, No. C-10-1811-RS, 2011 WL 672637 (N.D. Cal. Feb. 17, 2011) (explaining that a case

25   which said the privity requirement could be "relaxed" was "not consistent with clear California

26   precedent that privity remains a requirement in implied warranty claims even though it has been

27   eliminated in express warranty claims"). The motion to dismiss is thus granted as to the breach of

United States District Court
Northern District of California

28

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
CASE NO. 21-cv-07669-RS

4

1

implied warranty claim.

**IV. Failure to Meet the Pleading Requirements of Rule 9(b)**

Defendant contends that Plaintiff has not met the heightened pleading standard of Federal Rule of Civil Procedure 9(b). When a claim is "grounded in fraud" a pleading "must satisfy the particularity requirement of Rule 9(b)[,]" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009), which requires the party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Defendant argues that "[i]t is facially impossible for Plaintiff to explain what is false about the 'Reef Friendly – No Oxybenzone or Octinoxate' claim and why it is false[.]" Motion to Dismiss, p.10. Plaintiff has set out in her Complaint "what representation is allegedly misleading, where and how defendants make the representation, and why plaintiff contend[s] it is misleading." *White v. Kroger*, 2022 WL 888657, at *3. The motion to dismiss for failure to plead with particularity is therefore denied.

Defendant also argues that Plaintiff makes vague references to "advertising" and "marketing" without any further explanation, and that to "the extent Plaintiff's claims rely on any marketing or advertising aside from the 'Reef Friendly – No Oxybenzone or Octinoxate' claim, they must be dismissed." Motion to Dismiss, p.10. Plaintiff does not identify any other marketing claims or forms of advertisements in her Complaint. To the extent Plaintiff's claims are predicated on anything other than the "Reef Friendly – No Oxybenzone or Octinoxate" claim, the motion to dismiss is granted.

**V. Article III and Statutory Standing**

**A. Legal Standard**

Standing is a requirement for federal court jurisdiction. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 337-38 (2016). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 338. The party asserting federal subject matter jurisdiction has the burden of proving the existence of jurisdiction. *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

United States District Court
Northern District of California

**B.   Discussion**

Defendant raises a variety of arguments concerning standing. Defendant first argues that

Plaintiff has not sustained an injury-in-fact because she did not use the product near any coral reef

or in the ocean. That is not Plaintiff's theory of injury; instead, she argues that she has suffered an

injury-in-fact due to purchasing a product at a higher price than she would have, had she known

that the reef-friendly claim was false as she alleges. "A quintessential injury-in-fact" is alleged

when plaintiffs aver they "spent money that, absent defendants' actions, they would not have

spent." *Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011) (concluding plaintiffs

adequately pled an injury-in-fact when they alleged "they paid more for their homes than the

homes were worth at the time of sale"). As for the challenge to Plaintiff's standing to bring

nationwide claims and the inclusion of products she did not purchase, as the Court stated in a

similar class action brought by the same attorneys, "challenges to plaintiff's standing with respect

to specific sunscreen products he did not purchase and to his ability to represent a nationwide class

both represent matters that are better addressed at the class certification stage[.]" *White v. Kroger*,

2022 WL 888657, at *3.

Defendant further challenges Plaintiff's statutory standing. Statutory standing concerns the

elements of a claim and "whether a plaintiff states a claim for relief[,]" which "relates to the merits

of a case, not to the dispute's justiciability," and thus this argument falls more appropriately under

the realm of Rule 12(b)(6) rather than Rule 12(b)(1). *See Jewel v. Nat'l Sec. Agency*, 673 F.3d

902, 907 n.4 (9th Cir. 2011) ("Statutory 'standing, unlike constitutional standing, is not

jurisdictional.'" (quoting *Noel v. Hall*, 568 F.3d 743, 748 (9th Cir. 2009)). Defendant argues that

Plaintiff does not meet the injury requirement of the California statutes. The California statutes she

pleads, however, "demand[] no more than the corresponding requirement under Article III of the

U.S. Constitution." *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015). Thus, Plaintiff

has satisfied the injury requirement of statutory standing.

Plaintiff has also adequately alleged reliance on the "Reef Friendly" claim. Reliance under

the FAL, CLRA, and UCL "requires that a plaintiff allege she saw and read deceptive statements."

1    *Cohen v. E. W. Tea Co.*, LLC, No. 17-CV-2339-JLS (BLM), 2018 WL 3656112, at *4 (S.D. Cal.

2    Aug. 2, 2018). Plaintiff here alleges that she saw and read the allegedly deceptive statements on

3    the label, and thus has adequately alleged reliance.[2]

### VI. Equitable Relief

5             Citing *Sonner v. Premier Nutrition*, 971 F.3d 834, 844 (9th Cir. 2020) for the proposition

6    that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable

7    restitution for past harm under the UCL and CLRA[,]" Defendant argues that the equitable claims

8    should be dismissed because Plaintiff has failed to establish she lacks an adequate remedy at law.

9    Plaintiff points out that Defendant's argument only addresses her claim for restitution, not her

10   forward-facing claim for injunctive relief. Further, she argues that at the pleading stage, she may

11   plead claims in the alternative, and need not allege that she does not have an adequate remedy at

12   law. Notably, Defendant does not respond in its reply to Plaintiff's arguments concerning whether

13   she has an adequate remedy at law.

14            "[T]he import of *Sonner* at the pleading stage is an unsettled question of law and has given

15   rise to an intra-circuit split." *Yeomans v. World Fin. Grp. Ins. Agency, Inc.*, No. 19-CV-00792-

16   EMC, 2022 WL 844152, at *7 (N.D. Cal. Mar. 22, 2022) (collecting cases). As a number of other

17   courts in this district have concluded, "*Sonner* does not preclude a plaintiff from pleading

18   equitable remedies in the alternative." *Id.*; *see also Nacarino v. Chobani, LLC*, No. 20-CV-07437-

19   EMC, 2022 WL 344966, at *9 (N.D. Cal. Feb. 4, 2022) ("*Sonner* teaches that a plaintiff, on the

20   eve of trial, cannot create an inadequacy of a legal remedy by eliminating its availability by taking

21   volitional action."); *Jeong v. Nexo Fin. LLC*, No. 21-CV-02392-BLF, 2022 WL 174236, at *27

22   (N.D. Cal. Jan. 19, 2022) ("The Court finds that *Sonner* has limited applicability to the pleading

23   stage because it pertained to circumstances in which a plaintiff dropped all damages claims on the

24   eve of trial."). The motion to dismiss the claims for equitable relief due to the availability of

25

26   _____
     [2] To the extent Plaintiff alleges reliance on advertisements or marketing other than the label, the
     motion is granted, as also addressed in the discussion of the Rule 9(b) arguments. Plaintiff has not
27   alleged that she relied on any statements other than those on the product label.

28                                          ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
                                            CASE NO. 21-cv-07669-RS

United States District Court
Northern District of California

1   remedies at law is therefore denied. "The issue of Plaintiff's entitlement to seek the equitable

2   remedy of restitution may be revisited at a later stage." *Nacarino*, 2022 WL 344966, at \*10.

3       Additionally, Defendant argues that Plaintiff has failed to allege facts to establish she is

4   entitled to restitution, contending that "Plaintiff fails to allege any facts indicating that the Product

5   she allegedly purchased was worth any less than what she paid or, indeed, that she did not receive

6   the benefit of her bargain because she did not or could not use the product for its intended purpose

7   to protect her from harmful rays of the sun." Motion to Dismiss, p.25. This argument essentially

8   repeats the same arguments Defendant makes concerning the lack of an injury-in-fact, and is

9   rejected for the same reason. Plaintiff has adequately pled that she paid more for a "Reef Friendly"

10  product than a product that did not contain those advertised qualities. She has therefore adequately

11  pled facts that she is entitled to restitution.

## VII. Preemption and Primary Jurisdiction

13      Defendant next argues that dismissal is warranted because the state law claims are

14  preempted by federal law, and because the primary jurisdiction doctrine permits this Court to stay

15  or dismiss claims which fall within the jurisdiction of a federal agency. As explained, dismissal is

16  not warranted under either doctrine.

17      "Federal preemption occurs when: (1) Congress enacts a statute that explicitly pre-empts

18  state law; (2) state law actually conflicts with federal law; or (3) federal law occupies a legislative

19  field to such an extent that it is reasonable to conclude that Congress left no room for state

20  regulation in that field." *Chae v. SLM Corp.*, 593 F.3d 936, 941 (9th Cir. 2010) (internal quotation

21  marks and citation omitted). Federal preemption may be express or implied. *Atay v. Cnty of Maui*,

22  842 F.3d 688, 699 (9th Cir. 2016). Neither express nor implied preemption applies here.

23      Defendant argues that Plaintiff's claims are expressly preempted because Plaintiff's claims

24  would impose labelling requirements different than those implied by the Federal Food, Drug, and

25  Cosmetic Act ("FDCA"), and contends that Plaintiff's claims are impliedly preempted because of

26  the "extensive and exclusive regulation of the Products" by the Food and Drug Administration

27  ("FDA"). Motion to Dismiss, p.16. Defendant, however, cites no authority to establish that the

28
United States District Court
Northern District of California

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
CASE NO. 21-cv-07669-RS

United States District Court
Northern District of California

1   FDCA or the FDA regulates environmental claims such as "Reef Friendly." Defendant thus has

2   failed to demonstrate that the claims are expressly or impliedly preempted.

3        The primary jurisdiction doctrine applies when there is: "(1) [a] need to resolve an issue

4   that (2) has been placed by Congress within the jurisdiction of an administrative body having

5   regulatory authority (3) pursuant to a statute that subjects an industry or activity to a

6   comprehensive regulatory authority that (4) requires expertise or uniformity in administration."

7   *Clark v. Time Warner*, 523 F.3d 1110, 1115 (9th Cir. 2008). "In practice, this means that the court

8   either stays proceedings or dismisses the case without prejudice, so that the parties may seek an

9   administrative ruling." *Id.* at 1115. The doctrine of primary jurisdiction may only be properly

10  invoked "in a limited set of circumstances"; it "is not designed to 'secure expert advice' from

11  agencies every time a court is presented with an issue conceivably within the agency's ambit." *Id.*

12  at 1114 (internal quotations omitted). "It is to be used only if a claim requires resolution of an

13  issue of first impression, or of a particularly complicated issue that Congress has committed to a

14  regulatory agency." *Id.* (internal quotations omitted).

15       Defendant argues that the primary jurisdiction doctrine applies because the "FDA is in the

16  process of promulgating new OTC sunscreen regulations that cover all of the ingredients relevant

17  to Plaintiff's claim" and states "[t]his Court should defer to the FDA's expertise[.]" Motion to

18  Dismiss, p.16. District courts must "consider whether invoking primary jurisdiction would

19  needlessly delay the resolution of claims." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 760

20  (9th Cir. 2015). "Under [Ninth Circuit] precedent, 'efficiency' is the 'deciding factor' in whether

21  to invoke primary jurisdiction." *Id.* Here, the possibility that FDA regulations will change in a way

22  that will materially impact the outcome of this litigation "is too remote at this juncture to warrant a

23  stay or dismissal[.]" *Kroger*, 2022 WL 888657, at *2. The primary jurisdiction doctrine therefore

24  does not apply.

**VIII. Conclusion**

26       The motion to dismiss is granted as to Plaintiff's ability to pursue liability for

27  advertisements other than the "Reef Friendly – No Oxybenzone or Octinoxate" claim on the

1    sunscreen labels, and as to the claim for breach of implied warranty. The motion to dismiss is

2    denied in all other respects. Although it appears unlikely the defects in the Complaint can be

3    cured, Plaintiff is granted leave to amend.[3] Any amended complaint must be filed by 21 days from

4    the date of this Order.[4]

5

6    **IT IS SO ORDERED**.

7

8    Dated: August 2, 2022

9                                                    _____

10                                                   RICHARD SEEBORG
                                                     Chief United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    [3] Plaintiff also filed a motion for leave to file a Second Amended Complaint, to make a factual
      correction to her complaint. The motion is denied as moot, because leave to amend the complaint
26    has been granted.

27    [4] Defendant's motion for leave to file a statement of recent decision is denied.

28                                            ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
                                              CASE NO.  21-cv-07669-RS

United States District Court
Northern District of California