United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MORAN,<br><br>    Plaintiff,<br><br>    v.<br><br>EDGEWELL PERSONAL CARE, LLC,<br><br>    Defendant. | Case No. 21-cv-07669-RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

    A motion to dismiss the first amended complaint in this action was granted with respect to any claims arising from "advertisements other than the "Reef Friendly – No Oxybenzone or Octinoxate" claim on the sunscreen labels," and as to the claim for breach of implied warranty. Plaintiff subsequently filed a second amended complaint that retained those claims without adding any substantive factual allegations to support them. Defendant, unsurprisingly, moved again to dismiss, although it asserts it first attempted to persuade plaintiff to eliminate the claims voluntarily.

    In response to the motion to dismiss, plaintiff filed an "errata" and a "corrected second amended complaint" that purportedly removes the previously dismissed claims. Plaintiff then filed an opposition brief urging that the motion to dismiss be denied as moot. On reply, defendant objects to the procedural impropriety of plaintiff's "corrected" pleading, and argues that it does not completely remove all references to "advertising," as opposed to the *labeling* of the products.

    This is not a dispute that should have required court intervention. Plaintiff states without

qualification that she is pursuing claims for relief "based solely on the 'REEF FRIENDLY- no Oxybenzone or Octinoxate' representation on the Products' labels and packaging," and not on any other "advertising." The putative "corrected" pleading defines "The Challenged Representation" as one that appears on the products labels.[1]

As such, any attempt by plaintiff to assert claims based on advertising at any future point in this litigation would not have been viable even if the "corrected" second amended complaint were deemed operative. That said, defendant is technically correct that even the "corrected" pleading retains some language suggesting there are claims arising from advertising. *See*, *e.g.*, para. 41 ("Defendant intentionally and deliberately used the Reef Friendly Representations on the Products' labeling, packaging, *and advertising* to cause Plaintiff and similarly situated consumers to believe that the Products are safe . . . ." (emphasis added).

Because the parties have been unable to resolve this by stipulation notwithstanding the lack of any actual substantive controversy, and for clarity of the record, the pending motion to dismiss the second amended complaint will be granted, as to both the original and the "corrected" versions. Plaintiff may file a third amended complaint in substantially similar form, provided she exercises care to remove all references to "advertising" that arguably create ambiguity regarding the scope of her claims, such as the one identified in paragraph 41. Any inadvertent failure by plaintiff to excise one or more references to "advertising" from the third amended complaint, however, will not serve as a basis for another motion to dismiss. Plaintiff's claims are limited to those arising from representations on the products' labels and packaging.

---

[1] For any of defendant's products that may be sold in packaging additional to the actual containers, representations on such packaging should be understood as equivalent to labels on the containers.

**IT IS SO ORDERED**.

Dated: November 21, 2022

_____
RICHARD SEEBORG
Chief United States District Judge