UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MORAN, <br><br> Plaintiff, <br><br> v. <br><br> EDGEWELL PERSONAL CARE, LLC, <br><br> Defendant. | Case No. 21-cv-07669-RS <br><br> **ORDER GRANTING LEAVE TO AMEND** |

In this putative class action, named plaintiff Michelle Moran seeks leave to file an amended complaint under which she would no longer be a named plaintiff or seek to represent the putative class, and a new named plaintiff, Kenneth Glassman, will instead pursue the case. Moran wishes to remain a member of the class such that she would share in any recovery if a judgment in favor of the class is entered under a settlement or a decision on the merits of the claims. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for July 13, 2023, is vacated.

The motion is granted. Federal Rule of Civil Procedure 15(a), which governs requests for leave to amend pleadings, provides that "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Leave to amend should be granted with "extreme liberality" in order "to facilitate decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir.1981).

Defendant asserts the matter has become moot upon Moran's declaration that she wishes to withdraw as a named plaintiff, and that therefore there is no jurisdiction to permit amendment. Because Glassman will appear simultaneously with Moran's withdrawal, however, there is no mootness concern. *Cf. Hitt v. Arizona Beverage Co., LLC*, 2009 WL 4261192 (dismissal appropriate where no substitute named plaintiff had yet been identified). Additionally, there is no undue prejudice as the case remains in relatively early stages and no discovery or motion practice specific to Moran has been conducted.[1] *Cf. Hitt* at *6 ("Defendants have participated in substantial discovery, including discovery related specifically to the named Plaintiff. Defendants have brought a Motion to Dismiss, raising defenses specific to the named Plaintiff.")

Defendant also requests that if the amendment is allowed, Moran's individual claims be dismissed with prejudice. Were Moran subsequently to seek to serve as a class representative, she would face a heavy burden to show why that should be allowed. There is no basis, however, to preclude her from recovering on the same basis as any other putative class member. Additionally, Moran has not alleged she holds any individual claims that differ from, or exceed those, of other putative class members. Because no class has yet been certified, her putative class claims are not subject to dismissal, with or without prejudice, at this juncture. Rather, with the filing of the Fourth Amended complaint as permitted by this order, the named plaintiff in this action will be Kenneth Glassman, and Moran will merely be another unnamed member of the putative class.

**IT IS SO ORDERED**.

Dated: June 29, 2023

RICHARD SEEBORG
Chief United States District Judge

---

[1] Defendants requested a deposition of Moran be scheduled, but it has not been.